PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-109-DAD |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| ANTONIO MENDOZA RAMOS, LEOPOLDO GONZALEZ, JR., VICTOR MANUEL VELAZQUEZ, ERASMO ZARATE SOLORZANO, ESTELA ACEVEDO, CARLOS CANO MANZO, DIANA CERVANTES, JOSE GENARO VARGAS-RAMIREZ, ALMA ADRIANA MORA MADRIGAL, ALEJANDRO MORA MADRIGAL, FERNANDO CARDENAS, AND HUMBERTO PIMENTEL CARANZA, | CURRENT DATE: September 20, 2022 PROPOSED DATE: December 13, 2022 COURT: Hon. Dale A. Drozd |
| Defendants. | |

**BACKGROUND**

This case was set for status conference on September 19, 2022, and time had been excluded through that date. Dkt. 140. On August 25, 2022, this case was reassigned from the Honorable Chief Judge Kimberly J. Mueller to the Honorable United States District Judge Dale A. Drozd. Dkt. 142. Consequently, the status conference was continued one day, to September 20, 2022. Dkt. 144. Time was not excluded for that one-day continuance.

On May 26, 2021, this Court issued General Order 631, which reopened the courthouses in this District, but which left it to "each Judge [to] determine whether to hold proceedings . . . in person or by telephone or videoconference." The order further authorized each Judge to "exercise his or her authority to continue [criminal] matters" and "exclud[e] time under the Speedy Trial Act." This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and other orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1046 (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant LEOPOLDO GONZALEZ, JR. by and through his counsel of record, Ryan Roth, defendant VICTOR MANUEL VELAZQUEZ, by and through his counsel of record, Kelly Babineau, defendant ERASMO ZARATE SOLORZANO, by and through his counsel of record, Etan Zaitsu, defendant ESTELA ACEVEDO, by and through her counsel of record, Clemente M. Jimenez, defendant DIANA CERVANTES, by and through her counsel of record, Jennifer Mouzis, defendant JOSE GENARO VARGAS-RAMIREZ, by and through his counsel of record, DINA LEE SANTOS, defendant ALMA ADRIANA MORA MADRIGAL, by and through her counsel of record, Christina Ann-Marie

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

Diedoardo, defendant HUMBERTO PIMENTEL CARANZA, by and through his counsel of record, Jesse Garcia, and defendant FERNANDO CARDENAS, by and through his counsel of record, Tasha Chalfant, hereby stipulate as follows:

1.      By previous order, this matter was set for status conference on September 19, 2022, and then continued without time exclusion to September 20, 2022.

2.      By this stipulation, defendants now move to continue the status conference until December 13, 2022, at 9:30 AM and to exclude time between September 19, 2022, and December 13, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced over 100,000 pages of discovery and voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics.  Many of the recordings are in Spanish.

b)      Counsel for defendants' desire additional time to consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

c)       Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to December 13, 2022.

d)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      No defendant has invoked his/her speedy trial rights since the inception of the case.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

1    et seq., within which trial must commence, the time period of September 19, 2022 to December

2    13, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv)

3    [Local Codes T2 and T4] because it results from a continuance granted by the Court at

4    defendants' request on the basis of the Court's finding that the ends of justice served by taking

5    such action outweigh the best interest of the public and the defendants in a speedy trial.

6           4.     Counsel for ALMA ADRIANA MORA MADRIGAL and the government agree that for

7    purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial

8    must commence, the time period of September 19, 2022, to December 13, 2022, inclusive, is deemed

9    excludable pursuant to 18 U.S.C.§ 3161(h)(3) because ALMA ADRIANA MORA MADRIGAL's

10   whereabouts are unknown and her whereabouts cannot be determined by due diligence.  On June 9,

11   2021, defendant ALMA ADRIANA MORA MADRIGAL was ordered to remain on Pretrial Release

12   conditions previously ordered in the Central District of California.  Dkt. 13.  On December 21, 2021, the

13   Honorable Jeremy D. Peterson signed a Pretrial Release Violation Petition and issued a bench warrant

14   for ALMA ADRIANA MORA MADRIGAL.  The Petition alleged that:

15               On December 16, 2021, the supervising pretrial services officer in
             the Central District of California notified Pretrial Services in the
16               Eastern District of California that all attempts to locate the
             defendant have been unsuccessful, which included a home visit.
17               On December 17, 2021, this officer contacted defense counsel,
             who advised the defendant has broken off contact with their office
18               and they are unable to reach the defendant. All efforts to locate the
             defendant have been unsuccessful and the defendant's current
19               whereabouts is unknown.

20          Consequently, the government and counsel for ALMA ADRIANA MORA MADRIGAL agree

21   and ask the Court to find that defendant be considered unavailable because her whereabouts are

22   unknown and her whereabouts cannot be determined by due diligence.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

5.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  September 13, 2022                    PHILLIP A. TALBERT
                                              United States Attorney


                                              /s/ ANGELA L. SCOTT
                                              ANGELA L. SCOTT
                                              Assistant United States Attorney


Dated:  September 13, 2022                    /s/ RYAN ROTH per email
                                              authorization
                                              RYAN ROTH
                                              Counsel for Defendant
                                              LEOPOLDO GONZALEZ, JR.


Dated:  September 13, 2022                    /s/ KELLY BABINEAU per
                                              email authorization
                                              KELLY BABINEAU
                                              Counsel for Defendant
                                              VICTOR MANUEL
                                              VELAZQUEZ


Dated:  September 13, 2022                    /s/ ETAN ZAITSU per email
                                              authorization
                                              ETAN ZAITSU
                                              Counsel for Defendant
                                              ERASMO ZARATE
                                              SOLORZANO


Dated:  September 13, 2022                    /s/ CLEMENTE M. JIMENEZ
                                              per email authorization
                                              CLEMENTE M. JIMENEZ
                                              Counsel for Defendant
                                              ESTELA ACEVEDO

Dated:  September 13, 2022                    /s/ JENNIFER MOUZIS per
                                             email authorization
                                             _____
                                             JENNIFER MOUZIS
                                             Counsel for Defendant
                                             DIANA CERVANTES


Dated:  September 13, 2022                    /s/ DINA LEE SANTOS per
                                             email authorization
                                             _____
                                             DINA LEE SANTOS
                                             Counsel for Defendant
                                             JOSE GENARO VARGAS-
                                             RAMIREZ


Dated:  September 13, 2022                    /s/ CHRISTINA ANN-MARIE
                                             DIEDOARDO per email
                                             authorization
                                             _____
                                             CHRISTINA ANN-MARIE
                                             DIEDOARDO
                                             Counsel for Defendant
                                             ALMA ADRIANA MORA
                                             MADRIGAL


Dated:  September 13, 2022                    /s/ JESSE GARCIA per email
                                             authorization
                                             _____
                                             JESSE GARCIA
                                             Counsel for Defendant
                                             HUMBERTO PIMENTEL
                                             CARANZA


Dated:  September 13, 2022                    /s/ TASHA CHALFANT per
                                             email authorization
                                             _____
                                             TASHA CHALFANT
                                             Counsel for Defendant
                                             FERNANDO CARDENAS


## ORDER

IT IS SO ORDERED.

Dated:  **September 14, 2022**          _____
                                        UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME          7
PERIODS UNDER SPEEDY TRIAL ACT