1  PHILLIP A. TALBERT
   United States Attorney
2  AARON D. PENNEKAMP
   ANGELA L. SCOTT
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          | CASE NO. 21-CR-109-DAD

12 |                   Plaintiff,        | STIPULATION REGARDING EXCLUDABLE
   |                                     | TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |             v.                      | ORDER

14 | ANTONIO MENDOZA RAMOS,              | CURRENT DATE: December 13, 2022
   | LEOPOLDO GONZALEZ, JR.,             | PROPOSED DATE: March 14, 2023
15 | VICTOR MANUEL VELAZQUEZ,            | COURT: Hon. Dale A. Drozd
   | ERASMO ZARATE SOLORZANO,
16 | ESTELA ACEVEDO,
   | CARLOS CANO MANZO,
17 | DIANA CERVANTES,
   | JOSE GENARO VARGAS-RAMIREZ,
18 | ALMA ADRIANA MORA MADRIGAL,
   | ALEJANDRO MORA MADRIGAL,
19 | FERNANDO CARDENAS, AND
   | HUMBERTO PIMENTEL CARANZA,
20
   |                   Defendants.
21

22

23                        **BACKGROUND**

24        This case was set for status conference on December 13, 2022, and time has been excluded

25 through that date. Dkt. 147. On May 26, 2021, this Court issued General Order 631, which reopened

26 the courthouses in this District, but which left it to "each Judge [to] determine whether to hold

27 proceedings . . . in person or by telephone or videoconference." The order further authorized each Judge

28 to "exercise his or her authority to continue [criminal] matters" and "exclud[e] time under the Speedy

Trial Act."  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and other orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1046 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant LEOPOLDO GONZALEZ, JR. by and through his counsel of record, Ryan Roth, defendant VICTOR MANUEL VELAZQUEZ, by and through his counsel of record, Kelly Babineau, defendant ERASMO ZARATE SOLORZANO, by and through his counsel of record, Etan Zaitsu, defendant ESTELA ACEVEDO, by and through her counsel of record, Clemente M. Jimenez, defendant DIANA CERVANTES, by and through her counsel of record, Jennifer Mouzis, defendant JOSE GENARO VARGAS-RAMIREZ, by and through his counsel of record, Dina Lee Santos, defendant ALMA ADRIANA MORA MADRIGAL, by and through her counsel of record, Christina Ann-Marie Diedoardo, defendant HUMBERTO PIMENTEL CARANZA, by and through his counsel of record, Jesse Garcia, and defendant FERNANDO CARDENAS, by and through his counsel of record, Tasha Chalfant, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1.      By previous order, this matter was set for status conference on December 13, 2022.

2.      By this stipulation, defendants now move to continue the status conference until March 14, 2023, and to exclude time between December 13, 2022, and March 14, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced over 100,000 pages of discovery and voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics.  Many of the recordings are in Spanish.

b)      Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

c)       Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to December 13, 2022.

d)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      No defendant has invoked his/her speedy trial rights since the inception of the case.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2022 to March 14, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action

1    outweigh the best interest of the public and the defendants in a speedy trial.

2        4.        Counsel for ALMA ADRIANA MORA MADRIGAL and the government agree that for

3    purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial

4    must commence, the time period of September 19, 2022, to December 13, 2022, inclusive, is deemed

5    excludable pursuant to 18 U.S.C.§ 3161(h)(3) because ALMA ADRIANA MORA MADRIGAL's

6    whereabouts are unknown and her whereabouts cannot be determined by due diligence.  On June 9,

7    2021, defendant ALMA ADRIANA MORA MADRIGAL was ordered to remain on Pretrial Release

8    conditions previously ordered in the Central District of California.  Dkt. 13.  On December 21, 2021, the

9    Honorable Jeremy D. Peterson signed a Pretrial Release Violation Petition and issued a bench warrant

10   for ALMA ADRIANA MORA MADRIGAL.  The Petition alleged that:

> On December 16, 2021, the supervising pretrial services officer in
> the Central District of California notified Pretrial Services in the
> Eastern District of California that all attempts to locate the
> defendant have been unsuccessful, which included a home visit.
> On December 17, 2021, this officer contacted defense counsel,
> who advised the defendant has broken off contact with their office
> and they are unable to reach the defendant. All efforts to locate the
> defendant have been unsuccessful and the defendant's current
> whereabouts is unknown.

16       Consequently, the government and counsel for ALMA ADRIANA MORA MADRIGAL agree

17   and ask the Court to find that defendant be considered unavailable because her whereabouts are

18   unknown and her whereabouts cannot be determined by due diligence.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1          5.          Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4          IT IS SO STIPULATED.

5

6

7   Dated:  November 22, 2022                    PHILLIP A. TALBERT
                                                 United States Attorney

8

9                                                /s/ AARON D. PENNEKAMP
                                                 AARON D. PENNEKAMP
10                                               Assistant United States Attorney

11

12  Dated:  November 22, 2022                    /s/ RYAN ROTH per email
                                                 authorization
13                                               RYAN ROTH
                                                 Counsel for Defendant
14                                               LEOPOLDO GONZALEZ, JR.

15

16  Dated:  November 22, 2022                    /s/ KELLY BABINEAU per
                                                 email authorization
17                                               KELLY BABINEAU
                                                 Counsel for Defendant
18                                               VICTOR MANUEL
                                                 VELAZQUEZ
19

20

21  Dated:  November 22, 2022                    /s/ ETAN ZAITSU per email
                                                 authorization
22                                               ETAN ZAITSU
                                                 Counsel for Defendant
23                                               ERASMO ZARATE
                                                 SOLORZANO
24

25

26  Dated:  November 22, 2022                    /s/ CLEMENTE M. JIMENEZ
                                                 per email authorization
27                                               CLEMENTE M. JIMENEZ
                                                 Counsel for Defendant
28                                               ESTELA ACEVEDO

Dated:  November 22, 2022                          /s/ JENNIFER MOUZIS per
                                                   email authorization
                                                   JENNIFER MOUZIS
                                                   Counsel for Defendant
                                                   DIANA CERVANTES

Dated:  November 22, 2022                          /s/ DINA LEE SANTOS per
                                                   email authorization
                                                   DINA LEE SANTOS
                                                   Counsel for Defendant
                                                   JOSE GENARO VARGAS-
                                                   RAMIREZ

Dated:  November 22, 2022                          /s/ CHRISTINA ANN-MARIE
                                                   DIEDOARDO per email
                                                   authorization
                                                   CHRISTINA ANN-MARIE
                                                   DIEDOARDO
                                                   Counsel for Defendant
                                                   ALMA ADRIANA MORA
                                                   MADRIGAL

Dated:  November 22, 2022                          /s/ JESSE GARCIA per email
                                                   authorization
                                                   JESSE GARCIA
                                                   Counsel for Defendant
                                                   HUMBERTO PIMENTEL
                                                   CARANZA

Dated:  November 22, 2022                          /s/ TASHA CHALFANT per
                                                   email authorization
                                                   TASHA CHALFANT
                                                   Counsel for Defendant
                                                   FERNANDO CARDENAS

## ORDER

IT IS SO ORDERED.

Dated:  __November 23, 2022__        __Dale A. Drozd__
                                     UNITED STATES DISTRICT JUDGE