PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-109-DAD |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ANTONIO MENDOZA RAMOS, LEOPOLDO GONZALEZ, JR., VICTOR MANUEL VELAZQUEZ, ERASMO ZARATE SOLORZANO, ESTELA ACEVEDO, CARLOS CANO MANZO, DIANA CERVANTES, JOSE GENARO VARGAS-RAMIREZ, ALMA ADRIANA MORA MADRIGAL, ALEJANDRO MORA MADRIGAL, FERNANDO CARDENAS, AND HUMBERTO PIMENTEL CARANZA, | CURRENT DATE: March 14, 2023 PROPOSED DATE: June 20, 2023 COURT: Hon. Dale A. Drozd |
| Defendants. | |

**STIPULATION**

1.  By previous order, this matter was set for status on March 14, 2023.

2.  By this stipulation, defendants[1] now move to continue the status conference until June 20, 2023, and to exclude time between March 14, 2023, and June 20, 2023, pursuant to 18 U.S.C.§

---

[1] Given the pending Motion to Withdraw as Counsel (Dkt. 168), defendant ALMA MORA MADRIGAL's attorney has not joined in this stipulation.

3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has produced over 100,000 pages of discovery and voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics. Many of the recordings are in Spanish.

b) On February 12, 2023, counsel for defendant VICTOR MANUEL VELAZQUEZ was substituted by attorney Timothy Zindel as counsel of record. This new attorney has been provided with the voluminous discovery in this case and will need substantial time to review that discovery, review the current charges, conduct investigations and research related to the charges, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

c) Moreover, in light of this voluminous discovery, counsel for the remaining defendants likewise desire additional time consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

d) Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to June 20, 2023.

e) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f) No defendant has invoked his/her speedy trial rights since the inception of the case.

g) The government does not object to the continuance.

h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 14, 2023 to June 20, 2023,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.[2]

IT IS SO STIPULATED.

Dated:  March 6, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ANGELA L. SCOTT
ANGELA L. SCOTT
Assistant United States Attorney

---

[2] Regarding defendant ALMA ADRIANA MORA MADRIGAL, the government notes that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of March 14, 2023, and June 20, 2023, inclusive, is excludable pursuant to 18 U.S.C.§ 3161(h)(3) because ALMA MORA MADRIGAL's whereabouts are unknown and her whereabouts cannot be determined by due diligence.  On June 9, 2021, defendant ALMA MORA MADRIGAL was ordered to remain on Pretrial Release conditions previously ordered in the Central District of California. Dkt. 13.  On December 21, 2021, the Honorable Jeremy D. Peterson signed a Pretrial Release Violation Petition and issued a bench warrant for ALMA MORA MADRIGAL.  The Petition alleged that "…[a]ll efforts to locate the defendant have been unsuccessful and the defendant's current whereabouts is unknown."

Undersigned government counsel has confirmed with the United States Marshals Service that the bench warrant for defendant ALMA MORA MADRIGAL is still active and that the USMS conducts periodic inquiries regarding the subjects of all active warrants.  Undersigned government counsel has also confirmed with the Federal Bureau of Investigation that they have made recent database inquiries regarding defendant ALMA MORA MADRIGAL, but are unable to locate her.  Finally, as noted in her counsel's Motion to Withdraw as Counsel  filed on February 24, 2023, defendant ALMA MORA MADRIGAL's attorney has made repeated and recent attempts to contact her to no avail.  Dkt. 168.

Additionally, pursuant to 18 U.S.C. § 3161(h)(6), the time period of March 14, 2023 and June 20, 2023, inclusive, constitutes a reasonable period of delay for defendant ALMA MORA MADRIGAL, who is joined for trial with the co-defendants in the above-captioned case, and as to whom the time for trial has not run and no motion for severance has been granted.

| | |
|---|---|
| Dated:  March 6, 2023 | /s/ RYAN ROTH per email authorization <br> RYAN ROTH <br> Counsel for Defendant <br> LEOPOLDO GONZALEZ, JR. |
| Dated:  March 6, 2023 | /s/ TIMOTHY ZINDEL per email authorization <br> TIMOTHY ZINDEL <br> Counsel for Defendant <br> VICTOR MANUEL VELAZQUEZ |
| Dated:  March 6, 2023 | /s/ ETAN ZAITSU per email authorization <br> ETAN ZAITSU <br> Counsel for Defendant <br> ERASMO ZARATE SOLORZANO |
| Dated:  March 6, 2023 | /s/ CLEMENTE M. JIMENEZ per email authorization <br> CLEMENTE M. JIMENEZ <br> Counsel for Defendant <br> ESTELA ACEVEDO |
| Dated:  March 6, 2023 | /s/ JENNIFER MOUZIS per email authorization <br> JENNIFER MOUZIS <br> Counsel for Defendant <br> DIANA CERVANTES |
| Dated:  March 6, 2023 | /s/ DINA LEE SANTOS per email authorization <br> DINA LEE SANTOS <br> Counsel for Defendant <br> JOSE GENARO VARGAS-RAMIREZ |

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4

Dated: March 6, 2023

/s/ JESSE GARCIA per email authorization
JESSE GARCIA
Counsel for Defendant
HUMBERTO PIMENTEL CARANZA

Dated: March 6, 2023

/s/ TASHA CHALFANT per email authorization
TASHA CHALFANT
Counsel for Defendant
FERNANDO CARDENAS

**ORDER**

Pursuant to the stipulation of the parties, the status conference previously scheduled for March 14, 2023, is vacated and continued to June 20, 2023, at 9:30 a.m. and time is excluded between March 14, 2023, and June 20, 2023, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4]. The court notes that defendant Alma Mora Madrigal is currently a fugitive with a bench warrant for her arrest outstanding and that time is excluded as to her pursuant to 18 U.S.C. § 3161(h)(3)(A)(B), Local Code M, and 18 U.S.C. § 3161(h)(6), Local Code R.

IT IS SO ORDERED.

Dated:   **March 7, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE